UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-03822-MWC-RAO | Date: October 6, 2025 |
| Title: Michael Rhambo v. John Deyrmandjian *et al.* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Plaintiff's Motion for Default Judgment (Dkt. 19)   JS-6**

Before the Court is Plaintiff Michael Rhambo's ("Plaintiff") motion for default judgment ("Motion") against defendants John Deyrmandjian, Berge Deyrmandjian, and Does 1 through 10 (collectively, "Defendants"). *See* Dkt. # 19 ("*Mot.*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **DENIES** Plaintiff's Motion.

I.   Background

Plaintiff is a California resident with physical disabilities, including paraplegia and substantial limitations on his ability to walk. Dkt. # 1 ("*Compl.*") ¶ 1. Plaintiff requires a wheelchair at all times when traveling in public. *Id.* Plaintiff alleges that Defendants were the "real property owners, business operators, lessors and/or lessees of the real property for the auto repair shop" located at 3333 N. Verdugo Rd in Glendale, California (the "Business"). *Id.* ¶ 2. According to the Complaint, Plaintiff went to the Business in January 2025 and encountered several barriers that interfered with his use and enjoyment of the Business' services. *Id.* ¶¶ 10, 12. These barriers stemmed from Defendants' failure to comply with federal and state standards for allotting parking for disabled individuals, lacking signage such as "Van Accessible," "Minimum Fine $250," and "Unauthorized Parking." *Id.* ¶ 13. There was also no access aisle for wheelchair drop off, and Defendants had not painted the ground or marked the space "with the International Symbol of Accessibility." *Id.* Plaintiff avers that these conditions prevented him from enjoying the services that the Business offered. *Id.* ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03822-MWC-RAO                                                        Date: October 6, 2025

Title:     Michael Rhambo v. John Deyrmandjian *et al.*

    Plaintiff sued Defendants on April 30, 2025, asserting a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), a claim for damages based on the Unruh Civil Rights Act, a claim for damages under the California Disabled Persons Act, a claim for damages and injunctive relief pursuant to California Health & Safety Code § 19995, and a claim for damages based on a theory of negligence. *See generally id.* On September 5, 2025, the Court issued an order declining to exercise supplemental jurisdiction over all state law claims in light of *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2021). *See* Dkt. # 20; *see also* Dkts. # 17, 18 (Court's order to show cause as to why it should not decline to exercise supplemental jurisdiction and Plaintiff's response). As such, only Plaintiff's claim for injunctive relief under the ADA remains.

    Following Plaintiff's request for entry of default, the Clerk entered default against Defendants. Dkts. # 14, 15. As a result, the factual allegations of the Complaint, save for those concerning damages, are deemed admitted. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6). Plaintiff now seeks an order granting injunctive relief pursuant to the ADA and $3,215.00 in attorney fees and costs. *Mot.* 6, 10.

II.     Legal Standard

    Federal Rule of Civil Procedure ("Rule") 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

    The choice to grant or deny a default judgment is within the discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). To determine whether default judgment is proper, courts consider seven discretionary factors, often called the "*Eitel* factors." *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03822-MWC-RAO                                     Date: October 6, 2025

Title:      Michael Rhambo v. John Deyrmandjian *et al.*

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright *et al.*, FEDERAL PRACTICE AND PROCEDURE § 2688, at 63 (3d ed. 1998)).

III.    Discussion

   A.    Procedural Requirements

"A party seeking default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules." *Ameris Bank v. Sunny Side Land Holdings, LLC*, No. 8:24-cv-02127-FWS-JDE, 2025 WL 879560, at *3 (C.D. Cal. Jan. 29, 2025) (citation omitted).

The Motion complies with the Federal Rules of Civil Procedure. Since Rule 55 requires the Clerk of Court to enter default, *see* Fed. R. Civ. P. 55(a), and Plaintiff has already sought and received the entry of default, *see* Dkt. # 15, the Motion fulfills the Federal Rules' requirements. *See Sunny Side Land Holdings*, 2025 WL 879560, at *3; Fed. R. Civ. P. 55(b). The Motion also substantially complies with Central District of California Local Rule 55-1. Plaintiff accompanied the Motion with a sworn declaration stating that Defendants are not an infant or incompetent person, or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940, and that notice of this Application has been served on Defendants. Dkt. # 19-2 ("*Kim Decl.*") ¶ 3. That declaration also identifies when and against which parties the Court entered default. *See id.* ¶ 5. As such, the Court will review the merits of the Motion.

   B.    *Eitel* Factors

      i.    *Prejudice*

First, the Court considers whether Plaintiff will suffer prejudice if the Court does not enter a default judgment. This factor weighs in Plaintiff's favor because without a default judgment, Plaintiff would lack recourse for recovery against Defendants since Defendants failed to appear or defend this lawsuit. *See Ameris Bank v. Old Pylon Trucking, LLC*, No. SACV 23-02368-CJC (KESx), 2024 WL 2406693, at *3 (C.D. Cal. Apr. 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-03822-MWC-RAO | Date: October 6, 2025 |
| Title: Michael Rhambo v. John Deyrmandjian *et al.* | |

2024); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

        *ii.*      *Merits and Sufficiency*

The second and third *Eitel* factors consider the merits and sufficiency of a plaintiff's claims. "These two factors require that the Plaintiff state a claim on which [it] may recover." *Citizens Bus. Bank v. Vessel Bellezza*, No. 8:18-cv-02163-JLS-KES, 2020 WL 7064247, at *4 (C.D. Cal. Oct. 27, 2020) (internal quotation marks and citation omitted); *JFeld LLC v. Blanket Lovers*, No. 2:20-cv-08804-DSF-PLA, 2021 WL 2302447, at *2 (C.D. Cal. Apr. 29, 2021) (noting that courts often consider the second and third *Eitel* factors to be the most important). "In considering the sufficiency of the complaint and the merits of the plaintiff's substantive claims, facts alleged in the complaint not relating to damages are deemed to be true upon default." *Bd. of Trs. of Sheet Metal Workers v. Moak*, No. C 11-4620 CW, 2012 WL 5379565, at *2 (N.D. Cal. Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762 PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Here, in light of the Court's previous order declining to exercise supplemental jurisdiction over Plaintiff's state law claims, Plaintiff seeks default judgment on only his ADA claim. To prevail on an ADA claim, a plaintiff must show that "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). In addition, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-03822-MWC-RAO                                              Date: October 6, 2025

Title:      Michael Rhambo v. John Deyrmandjian *et al.*

Haw. 2000)), *abrogated on other grounds by*, *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030 (9th Cir. 2020).

     Plaintiff alleges that he is disabled within the meaning of the ADA, *see Compl.* ¶ 1, and his attorney's declaration states that a public records search found that Defendant John Deyrmandjian owns and operates the Business, and Defendant Berge Deyrmanjian (as trustee of the Deyrmandjian Family Trust) owns the real property located at 3333 N. Verdugo Road in Glendale, California, *Kim Decl.* ¶ 4. The Business's lack of "Minimum Fine $250" signage does not, as Plaintiff contends, violate the ADA, but the allegation in the Complaint relating to the lack of an access aisle for wheelchair dropoff is sufficient on this unchallenged record to show Defendant violated the ADA. *See Johnson v. Fernandez*, No. 5:21-cv-04114-EJD, 2022 WL 2829883, at *5 (N.D. Cal. July 20, 2022) (referring to lack of access aisle for wheelchair accessible parking space); *Gayle v. Borg*, No. CV 18-09055-SJO-JC, 2020 WL 2334113, at *7–8 (C.D. Cal. Jan. 27, 2020) (holding that the plaintiff's arguments failed to the extent that they asserted a gas station's lack of minimum fine signage violated the ADA, identifying that "Plaintiff's claims regarding the minimum fine warning and tow-away signs depend on California regulations, which do not establish violations of the ADA.").

     Though Plaintiff's allegation that the Business is an auto repair shop business is sufficient to support its contention that the Business is a place of public accommodation, Plaintiff has not carried his burden to adequately allege that these Defendants "own[], lease[], or operate[] that place of public accommodation." *Molski*, 481 F.3d at 730. The Complaint supplies only the conclusory allegation that "Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of" the property at issue. *Compl.* ¶ 2. While a person or entity falling into one of these categories (owner, operator, lessor/lessee) may be liable for ADA accessibility violations, failing to identify the specific category in which Defendants fall reinforces the conclusory nature of the pleading. *See Valencia v. Pedroza*, No. 2:24-cv-05134-JLS-AGR, 2024 WL 6471116, at *3 (C.D. Cal. Nov. 13, 2024). The Motion does not cure this deficiency. Plaintiff's attorney, Jason Kim, merely states in his declaration that:

> We conducted a public records search in order to ascertain the owners and operators of the facility that is the subject of this litigation. Based on this search and the records located, our office determined, to the best of our knowledge, that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:25-cv-03822-MWC-RAO | Date: October 6, 2025 |
| Title:   Michael Rhambo v. John Deyrmandjian *et al.* | |

> JOHN DEYRMANDJIAN D/B/A ONE STOP AUTOMOTIVE owns and operates the Business, and Defendant BERGE DEYRMANDJIAN, AS TRUSTEE OF THE DEYRMANDJIAN FAMILY TRUST owns the real property, located at or about 3333 N Verdugo Rd, Glendale, California, that is the subject of this lawsuit on the date complained of by Plaintiff.

*Kim Decl.* ¶ 4. This statement provides no information as to what types of records Plaintiff's attorneys searched for or found, or how those documents support an allegation that Defendants own the real property where the Business is located. And it provides no reason why Plaintiff could not supply those records to the Court. *See Davidson v. Station Liquor*, No. 8:20-cv-01847-JLS-DFM, 2021 WL 6618749, at *3 (C.D. Cal. Nov. 29, 2021) (identifying same deficiencies in course of denying motion for default judgment). Although facts alleged in the complaint not relating to damages are deemed to be true upon default, a defendant is "not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cathcart*, 2010 WL 1048829, at *4 (citation omitted). Plaintiff has done nothing more than supply conclusory statements averring that Defendants own the property that is the subject of this litigation. The Court, in its discretion, will not grant a motion for default judgment against a defendant in the absence of well-pleaded facts illustrating that Defendants are, in fact, connected to the property at issue.

As to whether removal of the barrier is "readily achievable," *see* 42 U.S.C. § 12188(a)(2), Plaintiff falls short here too. Plaintiff alleges that "Defendants had and still have control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled . . . ." *Compl.* ¶ 17. "The ADA defines 'readily achievable' as 'easily accomplishable and able to be carried out without much difficulty or expense.'" *Soto v. Doublz of El Monte, Inc.*, No. CV 20-10296 FMO (SKx), 2021 WL 4733761, at *1 (C.D. Cal. Aug. 23, 2021) (quoting 42 U.S.C. § 12181(9)). "Thus, to prevail on [an] ADA claim, [a] plaintiff must also establish that: (1) defendant failed to alter the subject barrier when doing so was readily achievable; or (2) if the alterations are not readily achievable, defendant could have made the subject facilities available to plaintiff through alternative methods without much difficulty or expense." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:25-cv-03822-MWC-RAO                                        Date: October 6, 2025

Title:        Michael Rhambo v. John Deyrmandjian *et al.*

      The Ninth Circuit has adopted a burden-shifting framework to determine "who bears the burden of proving that removal of an architectural barrier is readily achievable." *Id.* Under this burden-shifting analysis, plaintiffs bear the initial burden "of plausibly showing that the cost of removing an architectural barrier does not exceed the benefits under the particular circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035 (9th Cir. 2020). Under this framework, "plaintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier."[1] *Id.* at 1038. And while a plaintiff need not provide "precise cost estimates and a specific design regarding their proposed accommodation," a plaintiff must "plausibly show how the cost of removing the architectural barrier does not exceed the benefits under the circumstances." *Soto*, 2021 WL 4733761, at *1.

      Here, Plaintiff's allegations are insufficient to meet his initial burden to show that the cost of removing the alleged barriers does not exceed the benefits of such removal. His conclusory allegations that Defendants have "control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled . . . ," *Compl.* ¶ 17, fail to address how the costs of removal do not exceed the benefits under the circumstances. To be sure, Plaintiff provides that "some paint work is

---

[1] The four factors referenced here stem from the ADA's guidance as to what factors constitute whether an action is "readily achievable," as listed in 42 U.S.C. § 12181(9)(A)–(D), which state:
> (A) the nature and cost of the action needed . . .;
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
> (D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)–(D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:25-cv-03822-MWC-RAO | Date: October 6, 2025 |
| Title:   Michael Rhambo v. John Deyrmandjian *et al.* | |

needed to place the access aisle at the minimum required width of 96 inches, placing the 'NO PARKING' markings within the aisle, and placing the International Symbol of Accessibility on the parking surface as required." *Mot.* 9. But this information alone provides no context as to the current state of the property at issue or the space available at the property to provide such an accommodation, nor does it reference any information that would shed light on Defendants' financial resources to incur such a cost, even if that cost is minimal.

Accordingly, although Plaintiff has adequately alleged an ADA violation, these allegations do not suffice to show that injunctive relief is warranted, as several other courts in this District have identified. *See, e.g.*, *Doering v. Baasch*, No. 2:24-cv-03424-JLS-BFM, 2024 WL 4868647, at *4 (C.D. Cal. Oct. 22, 2024) (finding "conclusory allegations that [the defendant] ha[d] 'control and dominion over the conditions at this location and have and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible,'" were insufficient because they "fail[ed] to address how the costs of removal do not exceed the benefits under the particular circumstances"); *Ventura v. EON Inv. LLC*, No. 2:23-cv-06042-HDV-PDx, 2024 WL 3468332, at *3 (C.D. Cal. Apr. 18, 2024) (identifying that "[b]eyond one conclusory allegation in the Complaint that Defendant 'had and still ha[s] the financial resources to remove these barriers without much difficulty or expenses,' Plaintiff ma[de] no attempt to demonstrate that the requested accommodations to the parking spaces [were] readily achievable," concluding that "Plaintiff failed to present any evidence in support of her Motion to show how the costs of remedying the barrier [did] not exceed the benefits," and highlighting that "[o]n similar records, courts in this district have held that plaintiffs fail to meet their initial burden under *Lopez*.") (collecting cases); *Fernandez v. Martinez*, No. 2:20-cv-08602-FLA (KSx), 2023 WL 3269772, at *6 (C.D. Cal. Apr. 5, 2023) (finding insufficient allegations that the barriers "are easily removed without much difficulty or expense," or "are the types of barriers identified by the Department of Justice as presumably readily achievable to remove"); *Bouyer v. Shaina Prop., LLC*, No. CV 20-3930 FMO (PLAx), 2020 WL 7775618, at *2 (C.D. Cal. Nov. 2, 2020) (same); *Ho v. Brite Spot LLC*, No. 2:23-cv-01328-SPG MRW, 2023 WL 8884365, at *3 (C.D. Cal. Oct. 19, 2023) (finding allegations that the defendant "possessed and enjoyed sufficient control and authority to modify the Property" insufficient to adequately allege that removal was readily achievable); *Core v. Los Feliz Oil, Inc.*, No. CV-20-5890-MWF-(PJWx), 2021 WL 3145681, at *4–5 (C.D. Cal. Feb. 11, 2021) (finding allegations that "Defendant has the financial resources to remove these barriers without much expense or difficulty in order to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-03822-MWC-RAO | Date: October 6, 2025 |
| Title:  Michael Rhambo v. John Deyrmandjian *et al.* | |

make their Property more accessible to their mobility impaired customers" and "these barriers are readily achievable to remove" insufficient to adequately allege that removal was readily achievable).

Accordingly, the second and third factors counsel against the Court granting a default judgment.

### iii.   *Sum of Money at Stake*

Because the Court has declined to exercise supplemental jurisdiction with respect to Plaintiff's state law claims, the only sum of money at stake is his request for $3,215.00 in attorney fees and costs.  When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged.  *See Eitel*, 782 F.2d at 1472 (determining that $3 million judgment, considered in light of parties dispute as to material facts, supported decision not to enter default judgment); *Tragni v. S. Elec. Inc.*, No. 09-32 JF, 2009 WL 3052635, at *5 (N.D. Cal. Sept. 22, 2009).  Because the sum of money at stake is not significant, this factor counsels in favor of granting the default judgment.  *See Oakland Yacht Club v. Vessel Ultimatum*, No. C 14-00480 CW, 2014 WL 2196405, at *6 (N.D. Cal. May 27, 2014) (finding that relief sought of $14,318.90 in addition to costs was a sufficiently small figure to counsel in favor of granting default judgment).

### iv.   *Dispute of Material Facts*

After entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo*, 826 F.2d at 917–18. When a Plaintiff adequately alleges a claim, there is little possibility of a dispute concerning material facts.  *See Electra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").  However, given that Plaintiff failed to adequately allege his claim with respect to the injunctive relief he seeks, there remains a possibility of dispute concerning material facts.  *See Joe Hand Promotions, Inc. v. Clifton*, No. 1:10-cv-02388 LJO JLT, 2011 WL 4974005, at *3 (E.D. Cal. Oct. 19, 2011).  As such, this factor counsels against granting the default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-03822-MWC-RAO | Date: October 6, 2025 |
| Title:  Michael Rhambo v. John Deyrmandjian *et al.* | |

      *v.*      *Excusable Neglect*

The Court must determine whether Defendants' default is a product of excusable neglect. "Where the defaulting party is 'properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [default] motion[,]' the failure to defend cannot be attributed to excusable neglect." *Ameris Bank v. Miljanovic Trucking, Inc.*, No. 8:24-CV-00027-DSF-DFM, 2024 WL 3740050, at *3 (C.D. Cal. Jun. 20, 2024) (quoting *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001)). Here, there is no indication that Defendants' default was due to excusable neglect, as they failed to appear despite receiving proper service of Plaintiff's complaint. *See Old Pylon Trucking*, 2024 WL 2406693, at *4.

As such, this factor weighs in favor of entering a default judgment.

      *vi.*      *Policy Favoring Decision on the Merits*

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation omitted). "The preference for resolution on the merits is not dispositive of entering default judgment . . . ." *Miljanovic*, 2024 WL 3740050, at *3 (citation omitted). The Court concludes that the strong policy favoring deciding cases on the merits would not alone prevent the Court from entering default judgment in this case. *See Ameris Bank v. LandCrafters Sitework & Dev., LLC*, No. 8:24-cv-02497-FWS-DFM, 2025 WL 879566, at *6 (C.D. Cal. Feb. 12, 2025) ("Defendants' choice not to defend themselves in this case renders a decision on the merits 'impractical, if not impossible.' 'Thus, the preference to decide cases on the merits does not preclude [the] court from granting default judgment.' Accordingly, the court concludes this factor does not weigh against granting default judgment." (quoting *PepsiCo*, 238 F. Supp. 2d at 1177)).

As such, this factor does not weigh against granting a default judgment

      *vii.*      *Determination*

Despite Plaintiff's showing on several of the other *Eitel* factors, the present record does not support a conclusion that the *Eitel* factors favor granting default judgment,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:25-cv-03822-MWC-RAO                                  Date: October 6, 2025

Title:  Michael Rhambo v. John Deyrmandjian *et al.*

especially given that the second and third factors are "the most important," *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).  *See Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM (PLAx), 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013) ("The fact that factors two and three weigh against the entry of default judgment is particularly significant, as courts often treat these as the most important factors."); *Doering*, 2024 WL 4868647, at *2 ("A plaintiff's failure to satisfy the second and third factors is sufficient grounds on which to deny a motion for default judgment.").  Accordingly, the Court determines that it cannot enter the default judgment that Plaintiff requests.

IV.     Conclusion

For the foregoing reasons, the Court **DENIES** the Motion and Plaintiff's request for fees and costs.  The October 10, 2025, hearing is **VACATED**.  The default previously entered against Defendants (Dkt. # 15) is **VACATED**.  The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

**IT IS SO ORDERED.**

:

**Initials of Preparer**  TJ